[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This proceeding was brought by the plaintiff pursuant to General Statutes 9-329a alleging that he was aggrieved as a result of irregularities that occurred at a Democratic primary held in Bridgeport on September 11, 1991 in the 137th Aldermanic district. This statute provides that this court may determine the result of a primary or order a new primary if it is determined "that but for the error in the ruling of the election official, any mistake in the count of the votes or any violation of said sections, the result of such primary might have been different. . ."
As a result of a recount that changed the results slightly, the two endorsed candidates were defeated by the two challengers. Endorsed candidates Lydia Martinez received 393 votes, and the plaintiff Alvin W. Penn had 407 votes. The two petitioners, Samuel Baldwin and the named defendant, Rafael Irizzary, received 450 and 409 respectively, and thus were declared the winners) the named defendant having received two more votes than Mr. Penn.
The focal point of plaintiff's challenge of the results of this primary is the activities of one Maria Rivera, a machine tender at the polls. A number of witnesses testified about her conduct, and there were conflicting accounts of what she did at the Benjamin Franklin School, one of the three polling locations for this primary in the 137th Aldermanic district. After listening to the testimony of a number of witnesses I have concluded that Maria Rivera violated in several respects the instructions for election officials promulgated by the Secretary of the State, and quite possibly certain provisions of Chapter 149 of the General Statutes, which could lead to the imposition of criminal penalties. On several occasions she entered a polling booth while an elector was in the booth, and/or put her hand and arm into the booth. The evidence failed to disclose in my opinion, however, that she induced or influenced anyone to vote contrary to that elector's CT Page 8260 intentions. Evidentally a number of spanish speaking individuals were voting at this particular location, and Mrs. Rivera was aiding them in casting their votes. I have no doubt that she was also showing them how to vote for the petition slate as well, but this does not cause me to conclude that the results of this primary would have been different had Mrs. Rivera refrained from the activities in question.
There were several other irregularities that occurred on the occasion of this primary. The polls did not open at six a.m. as mandated, but rather approximately twenty five minutes later. The plaintiff produced one witness who testified that she would have voted for Mr. Penn, but had to leave to go to work and was unable to return to the polls because she was obliged to work overtime at her place of employment. This would have changed the margin of victory to one vote theoretically, but one could also surmise that other voters could not wait around either and would have voted for the two challengers. In addition both the moderator and the other poll tender left the polling place for an hour or so, which is also prohibited, but not significant in terms of the results.
In summary then the plaintiff is not complaining about any ruling of an election official or about the propriety of the count, but seeks a new primary because of the activities of Mrs. Rivera at the polling booth where she was the machine tender. This case must be analyzed in the light of Wrinn v. Dunleavy, 186 Conn. 125, 141-42, 440 A.2d 261
(1982), where the court recognized that election results should be invalidated only with "reluctance," and where the will of the electorate cannot be ascertained. This court does not believe that the actions of Mrs. Rivera, improper and perhaps even criminal though they may be, meet the test for invalidating the results of this primary.
Accordingly the plaintiff's claims for relief are denied.
Dated at Bridgeport, Conn. this 11th day of October, 1991.
William B. Lewis, Judge